<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION</u>

PORCHA WOODRUFF,                                    Hon. Judith E. Levy
    Plaintiff,                              Case No.: 5:23-cv-11886

- vs -

CITY OF DETROIT and LASHAUNTIA OLIVER,
    Defendants.
_____/

| | |
|---|---|
| LAW OFFICES OF IVAN L. LAND, P.C., | CITY OF DETROIT LAW DEPARTMENT |
| Ivan L. Land Sr. (P65879) | Gregory B. Paddison (P75963) |
| Attorney for Plaintiff | Attorney for Defendants |
| 25900 Greenfield, Rd., Ste. 210 | Coleman A. Young Municipal Center |
| Oak Park, MI 48237 | 2 Woodward Avenue, Suite 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| Ill4law@aol.com | (313) 237-0435 |
| | paddisong@detroitmi.gov |

_____/

**<u>LASHAUNTIA OLIVER'S ANSWER TO PLAINTIFF'S COMPLAINT,</u>**
**<u>RELIANCE UPON JURY DEMAND, SPECIAL AND AFFIRMATIVE DEFENSES, AND</u>**
**<u>DEMAND FOR REPLY</u>**

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and for her answer to Plaintiff's Complaint, Reliance Upon Jury Demand, Special and Affirmative Defenses, and Demand for Reply, states as follows:

**<u>INTRODUCTION</u>**

1

1. Defendant, LASHAUNTIA OLIVER, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 1, and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 2, and therefore denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 3, and therefore denies the same.

4. Defendant admits the allegations of Paragraph 4, to the extent that the allegations stated therein allege that Plaintiff was positively identified as a suspect by the victim of a robbery and carjacking. Defendant lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations stated in Paragraph 4, and therefore denies the same.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 5, and therefore denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 6, and therefore denies the same.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 7, and therefore denies the same.

**JURISDICTION AND VENUE**

Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

8.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 8, and therefore denies the same.

9.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 9, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 10, and therefore denies the same.

## PARTIES

Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 11, and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 12, and therefore denies the same.

13. Defendant admits the allegations of Paragraph 13.

## FACTS

Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

14. Upon information and belief, Defendant admits the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant admits the allegations of Paragraph 16.

17. Defendant admits the allegations of Paragraph 17.

18. Defendant admits the allegations of Paragraph 18.

19. Defendant admits the allegations of Paragraph 19.

20. Defendant admits the allegations of Paragraph 20.

21. Defendant admits the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22, to the extent that the allegations stated therein allege that Defendant interviewed Victim "several days" after Facial Recognition identified Plaintiff as a possible suspect, as the allegation is untrue.  Defendant admits the allegations of Paragraph 22 in all other respects.

23. Defendant admits the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24, to the extent that the allegations stated therein allege that Victim and a female had visited the BP Gas Station before engaging in the conduct referenced in Paragraph 23, as the allegation is untrue. Defendant admits the allegations of Paragraph 24 in all other respects.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant admits the allegations of Paragraph 26.

4

27. Defendant admits the allegations of Paragraph 27.

28. Defendant admits the allegations of Paragraph 28.

29. Upon information and belief, Defendant admits the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30, to the extent that the allegations stated therein allege that Victim was shown a live line-up of the male suspect that was driving Victim's vehicle, as the allegation is untrue. Defendant admits the allegations of Paragraph 30 in all other respects.

31. Defendant admits the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32, as the allegations stated therein are untrue.

33. Defendant admits the allegations of Paragraph 33 to the extent that the allegations stated therein allege that Plaintiff was positively identified by Victim from a photographic lineup.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 35, and therefore denies the same.

35. Defendant admits the allegations of Paragraph 36 to the extent that the allegations stated therein allege that Defendant submitted a Warrant Request for Plaintiff's arrest, after she was positively identified by Victim.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations stated in Paragraph 36, and therefore denies the same.

<u>**ARREST**</u>

Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 37, and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 38, and therefore denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 39, and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 40, and therefore denies the same.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 41, and therefore denies the same.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 42, and therefore denies the same.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 43, and therefore denies the same.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 44, and therefore denies the same.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 45, and therefore denies the same.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 46, and therefore denies the same.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 47, and therefore denies the same.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 48, and therefore denies the same.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 49, and therefore denies the same.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 50, and therefore denies the same.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 51, and therefore denies the same.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 52, and therefore denies the same.

52. Upon information and belief, Defendant admits the allegations of Paragraph 53.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 54, and therefore denies the same.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 55, and therefore denies the same.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 56, and therefore denies the same.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 57, and therefore denies the same.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 58, and therefore denies the same.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 59, and therefore denies the same.

59. Upon information and belief, Defendant admits the allegations of Paragraph 60.

60. Defendant denies the allegations of Paragraph 61, to the extent that the allegations stated therein purport to be a summary of the complete conversation between Plaintiff and Defendant, as the allegation is untrue.  To the extent that the allegations stated therein purport to be a verbatim reproduction of a portion of Defendant's conversation with Plaintiff, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 61, and therefore denies the same. Defendant admits the balance of the allegations of Paragraph 61.

61. Defendant admits the allegations of Paragraph 62.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 63, and therefore denies the same.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 64, and therefore denies the same.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 65, and therefore denies the same.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 66, and therefore denies the same.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 67, and therefore denies the same.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 68, and therefore denies the same.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 69, and therefore denies the same.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 70, and therefore denies the same.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 71, and therefore denies the same.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 72, and therefore denies the same.

72. Defendant admits the allegations of Paragraph 73, to the extent that the allegations stated therein allege that shortly after Plaintiff was released from the Detroit Detention Center, Defendant was contacted by Plaintiff relating to the return of Plaintiff's cell phone. To the extent that the allegations stated therein allege that the conversation occurred the day following Plaintiff's release from the Detroit Detention Center, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 73, and therefore denies the same.

73. Defendant admits the allegations of Paragraph 74, to the extent that the allegations stated therein allege that Defendant was not authorized to release Plaintiff's cell phone.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations stated in Paragraph 74, and therefore denies the same.

74. Upon information and belief, Defendant admits the allegations of Paragraph 75.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 76, and therefore denies the same.

76. Upon information and belief, Defendant admits the allegations of Paragraph 77.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 78, and therefore denies the same.

78. Upon information and belief, Defendant admits the allegations of Paragraph 79.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 80, and therefore denies the same.

## COUNT I – FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT AND 42 USC § 1983 (DETECTIVE OLIVER)

80. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

81. Defendant admits the allegations of Paragraph 82.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 83, and therefore denies the same.

83. Defendant denies the allegations of Paragraph 84, as the allegations stated therein are untrue.

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 85, and therefore denies the same.

## COUNT II – 42 USC 1983 MALICIOUS PROSECUTION (DETECTIVE OLIVER)

85. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

86. Defendant admits the allegations of Paragraph 87.

87. Defendant denies the allegations of Paragraph 88, as the allegations stated therein are untrue.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 89, and therefore denies the same.

89. Defendant denies the allegations of Paragraph 90, as the allegations stated therein are untrue.

90. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 91, and therefore denies the same.

## COUNT III – ELLIOT LARSEN VIOLATION OF PUBLIC ACCOMMODATION OF PUBLIC SERVICE AT MCLA § 37.2301 (DEFENDANT DETROIT AND DETECTIVE OLIVER)

91. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

92. Defendant denies the allegations of Paragraph 93, as the allegations stated therein are untrue.

93. Defendant admits the allegations of Paragraph 94.

94. Defendant admits the allegations of Paragraph 95.

95. Defendant denies the allegations of Paragraph 96, as the allegations stated therein are untrue.

96. Defendant denies the allegations of Paragraph 97, as the allegations stated therein are untrue.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 98(a-d), and therefore denies the same.

## COUNT IV – *MONELL* LIABILITY FOR FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT AND 42 USC 1983 (DEFENDANT DETROIT)

98. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

99. Defendant denies the allegations of Paragraph 100, as the allegations stated therein are untrue.

100. Defendant denies the allegations of Paragraph 101, as the allegations stated therein are untrue.

101. Defendant denies the allegations of Paragraph 102, as the allegations stated therein are untrue.

102. Defendant denies the allegations of Paragraph 103, as the allegations stated therein are untrue.

## COUNT V – FALSE ARREST AND IMPRISONMENT (STATE CLAIM) [DETECTIVE OLIVER]

103. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 105, and therefore denies the same.

13

105. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 106, and therefore denies the same.

106. Defendant denies the allegations of Paragraph 107, as the allegations stated therein are untrue.

107. Defendant denies the allegations of Paragraph 108, as the allegations stated therein are untrue.

**COUNT VI – MALICIOUS PROSECUTION (STATE CLAIM) [DETECTIVE OLIVER]**

108. Defendant, LASHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

109. Defendant denies the allegations of Paragraph 110, as the allegations stated therein are untrue.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 111, and therefore denies the same.

111. Defendant denies the allegations of Paragraph 112, as the allegations stated therein are untrue.

112. Defendant denies the allegations of Paragraph 113, as the allegations stated therein are untrue.

**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DETECTIVE OLIVER)**

14

113.  Defendant, LaSHAUNTIA OLIVER, reincorporates her responses to all prior paragraphs as if restated in full hereinafter.

114.  Defendant denies the allegations of Paragraph 115, as the allegations stated therein are untrue.

115.  Defendant denies the allegations of Paragraph 116, as the allegations stated therein are untrue.

116.  Defendant denies the allegations of Paragraph 117, as the allegations stated therein are untrue.

117.  Defendant denies the allegations of Paragraph 118, as the allegations stated therein are untrue.

118.  Defendant denies the allegations of Paragraph 119, as the allegations stated therein are untrue.

**WHEREFORE**, Defendant, LaSHAUNTIA OLIVER, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: August 24, 2023          /s/   Gregory B. Paddison
                                      Gregory B. Paddison (P75963)
                                      Attorney for Defendant

## <u>RELIANCE ON JURY DEMAND</u>

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and hereby gives notice of her reliance on Plaintiff's demand for trial by jury.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: August 24, 2023             /s/   <u>Gregory B. Paddison</u>
                                          Gregory B. Paddison (P75963)
                                          Attorney for Defendant

## <u>DEMAND FOR COMPULSORY JOINDER</u>

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and demands that Plaintiff join any and all claims arising out of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: August 24, 2023          /s/   <u>Gregory B. Paddison</u>
Gregory B. Paddison (P75963)
Attorney for Defendant

## AFFIRMATIVE DEFENSES

NOW COMES, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and states her Affirmative Defenses as follows:

1. That Defendant, LASHAUNTIA OLIVER, is individually immune pursuant to MCL § 691.1404 *et seq*. for the following reasons:

   a. That LASHAUNTIA OLIVER is an employee of CITY OF DETROIT and was working in the course of his or her employment and within the scope of his or her authority when the incident allegedly occurred;

   b. That CITY OF DETROIT is, and was at the time the incident allegedly occurred, a governmental agency;

   c. That at the time of the alleged incident herein complained of, CITY OF DETROIT was engaged in the exercise or discharge of a governmental function; and

   d. That LASHAUNTIA OLIVER'S conduct did not amount to gross negligence that was the proximate cause of the alleged injury or damage.

2. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3. Plaintiff has failed to mitigate his alleged damages.

4. The Defendant is, or may be, without jurisdiction.

5. Plaintiff's claims are, or may be barred by the applicable statute of limitations.

6. Plaintiff's claims are, or may be barred for failure to exhaust statutory, administrative, and/or other available remedies.

7. Plaintiff has failed to join every legal or equitable claim which arises out of the alleged transaction or occurrence which is the subject matter of Plaintiff's instant action.

8. LaShauntia Oliver was, at all times alleged in Plaintiff's Complaint, a duly qualified, appointed and acting Police Officer of City of Detroit and Peace Officer of the State of Michigan, and that all times alleged in Plaintiff's Complaint, LaShauntia Oliver was engaged in the performance of his or her regularly assigned duties as such and he or she is therefore entitled to Qualified Immunity.

9. That LaShauntia Oliver, at all times alleged in Plaintiff's Complaint, acted in good faith and without malice and within the scope of his or her duties as a Police Officer of City of Detroit and Peace Officer of the State of Michigan and he or she is therefore entitled to Qualified Immunity.

10. That any alleged injuries to Plaintiff was due to and caused by the negligence and/or omission of the Plaintiff to care for himself which carelessness, and/or negligence, and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

11. That any injuries or damages suffered by Plaintiff was caused by reason of Plaintiff's wrongful acts and conduct and/or the willful resistance to a Peace

Officer in the discharge, and/or attempt to discharge his or her office, and not by reason of any unlawful acts of omissions of LASHAUNTIA OLIVER.

12. The actions of LASHAUNTIA OLIVER were lawful and proper, and probable cause existed for the execution of the search and arrest of Plaintiff, and Plaintiff's property, and he or she is therefore entitled to Qualified Immunity.

13. The actions of LASHAUNTIA OLIVER were reasonable, proper and legal and he or she is therefore entitled to Qualified Immunity.

14. LASHAUNTIA OLIVER had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense and he or she is therefore entitled to Qualified Immunity.

15. If the Plaintiff sustained any injuries, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of the Plaintiff in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiff's own safety, and not because of any act or omission of, or chargeable to, LASHAUNTIA OLIVER.

16. That LASHAUNTIA OLIVER is entitled to Qualified Immunity against the claims set forth against him or her in this action.

20

17. That the conduct complained of was not clearly established as being unconstitutional and LaSHAUNTIA OLIVER is therefore entitled to Qualified Immunity

18. LaSHAUNTIA OLIVER, by and through his or her undersigned counsel, does not waive any deficiency or omission in any pleadings heretofore or hereafter filed by any other party to the above-captioned matter, and hereby reserves the right to assert and file any additional affirmative and special defenses as may become known through discovery proceedings in accordance with the rules and practices of this Court, or otherwise.

WHEREFORE, Defendant, LaSHAUNTIA OLIVER, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

/s/   Gregory B. Paddison

Dated: August 24, 2023                    Gregory B. Paddison (P75963)
                                          Attorney for Defendant

21

## DEMAND FOR REPLY

Defendant, LASHAUNTIA OLIVER, demands a reply to each and every

Affirmative Defense set forth herein.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

/s/    Gregory B. Paddison
Dated: August 24, 2023          Gregory B. Paddison (P75963)
Attorney for Defendant

22