IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORCHA WOODRUFF,

   *Plaintiff*,

   v.

LASHAUNTIA OLIVER,

   *Defendant*.

_____/

Hon. Judith E. Levy
Case No. 5:23-cv-11886

## AMERICAN CIVIL LIBERTIES UNION AND AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN'S MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

By this motion, the American Civil Liberties Union ("ACLU") and the American Civil Liberties Union of Michigan (collectively, "amici") seek leave to file an amici curiae brief in support of Plaintiff Porcha Woodruff's opposition to Defendant's motion for summary judgment. *See* ECF No. 29. In support of this motion, amici state as follows:

1. The ACLU is a nationwide, nonprofit, nonpartisan organization dedicated to the principles embodied in the United States Constitution and our nation's civil rights laws. The ACLU of Michigan is a state affiliate of the ACLU. The ACLU has appeared before courts throughout the country in cases involving the dangers posed by unfettered police use of emerging technologies, including facial recognition technology ("FRT") and other biometric technologies. *See, e.g., Oliver*

*v. Bussa*, No. 20-cv-12711 (E.D. Mich.) (amicus brief addressing wrongful arrest due to police reliance on erroneous FRT result); *Parks v. McCormac*, No. 2:21-cv-04021 (D.N.J.) (same); *State v. Arteaga*, 296 A.3d 542 (N.J. Super. Ct. App. Div. 2023) (amicus brief addressing government's obligation to disclose information about FRT use to criminal defendants); *Johnson v. VanderKooi*, 983 N.W.2d 779 (Mich. 2022) (counsel in case holding that fingerprinting people during *Terry* stops on the street is a Fourth Amendment search requiring a warrant); *Carpenter v. United States*, 585 U.S. 296 (2018) (counsel in case establishing that law enforcement request for historical cell phone location information is a search requiring a warrant). Attorneys associated with the ACLU, the ACLU of Michigan, and the Civil Rights Litigation Clinic at the University of Michigan Law School represented Robert Williams in *Williams v. City of Detroit, et al.*, No. 2:21-cv-10827-LJM-DRG (E.D. Mich.), alleging that the Detroit Police Department's misuse of facial recognition technology led to his wrongful arrest.

2. This case raises important issues surrounding police reliance on flawed facial recognition technology in investigations. This case will likely yield the first judicial opinion in the nation on a developed record addressing some of the questions raised here relating to FRT and how it can taint police investigations, and the Court's decision could affect the lives of countless individuals.

3. Amici write to aid the Court in rendering a decision based on an accurate understanding of facial recognition technology and how its use rendered the subsequent investigation in this case unreliable. Amici's proposed brief provides additional information about risks of police use of FRT and ways in which FRT results can taint the reliability of photographic lineups, which bolsters Plaintiff's argument that the Court should deny Defendants' motion for summary judgment.

4. The proposed brief makes three main points. **First**, FRT results are fundamentally unreliable—a fact the defendant and the City of Detroit do not contest—because of well-known technical limitations, racially disparate false-match rates, and human operator errors. **Second**, if police are ever to use FRT in investigations, it must be followed by reliable and independent investigative steps. The subsequent "identification" by the complaining witness in this case was unreliable and tainted by the false-match—Ms. Woodruff—generated by the FRT process. FRT algorithms are designed to find the most similar looking faces in a database, so when an FRT search generates a false match, it is likely to be a person who looks highly similar to the suspect. When police populate a photo array with a FRT-generated lookalike and five filler images that necessarily look less like the true suspect, it renders the identification procedure impermissibly suggestive. And **third**, although case law recognizes that *reliable* witness identifications can establish probable cause, because the photo array in this case was impermissibly suggestive,

the purported eyewitness identification was too unreliable to furnish probable cause for Ms. Woodruff's arrest.

5. Amici believe the information and argument in their proposed brief will aid the Court by providing additional context surrounding the record developed in this case and the legal arguments advanced in Plaintiff's brief. The proposed brief fulfils the "traditional function of an amicus curiae": "to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (citation omitted).

6. As required by Local Rule 7.1(a), before filing this motion undersigned counsel contacted counsel for the parties via email on December 2, 2024, to seek their concurrence. Counsel for Ms. Woodruff consents to the filing of this brief. Counsel for Defendant does not concur in this motion.

For these reasons, amici seek leave to file an amici curiae brief, and request that the Court accept the accompanying brief as filed.

Dated: December 5, 2024                Respectfully submitted,

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler
American Civil Liberties Union
 Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org

4

        Philip Mayor (P81691)
        Daniel S. Korobkin (P72842)
        Ramis J. Wadood (P85791)
        American Civil Liberties
          Union Fund of Michigan
        2966 Woodward Ave.
        Detroit, MI 48201
        (313) 578-6803
        pmayor@aclumich.org
        dkorobkin@aclumich.org
        rwadood@aclumich.org

        Michael J. Steinberg (P43085)
        Civil Rights Litigation Initiative
          University of Michigan Law School
        701 S. State St., Suite 2020
        Ann Arbor, MI 48109
        (734) 763-1983
        mjsteinb@umich.edu

        *Attorneys for Proposed Amici Curiae*