#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

PORCHA WOODRUFF,                       Hon. Judith E. Levy

  Plaintiff,                                Case No.: 5:23-cv-11886

- vs -

LASHAUNTIA OLIVER,
     Defendant.

                                                                                                                                                       /

#### DEFENDANT'S RESPONSE TO AMERICAN CIVIL LIBERTIES UNION & AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN'S MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and for Defendant's Response to the American Civil Liberties Union and American Civil Liberties Union of Michigan's (collectively, "ACLU") Motion for Leave to File Amici Curiae Brief (ECF No.: 32), Defendant states as follows:

## STATEMENT OF ISSUES

1) **SHOULD THIS HONORABLE COURT DENY THE ACLU'S ATTEMPT TO FILE A BRIEF BOLSTERING PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO.: 29) AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO.: 25) BY CONFUSING THE ISSUES UNDER THE GUISE OF AN "AMICUS CURIAE" BRIEF?**

   Defendant Responds:     Yes

## MOST APPROPRIATE AUTHORITY

"Only a named party or an intervening real party in interest is entitled to litigate on the merits. The orthodox view of amicus curiae was, and is, that of an impartial friend of the court—**not an adversary party in interest in the litigation**." *United States v. State of Mich.*, 940 F.2d 143, 165–66 (6th Cir. 1991) [**emphasis in original**].

"The role of an amicus is generally to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts." *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002).

Leave to file an amicus brief should be denied when the filer "wants to participate … not as a 'friend to the court' but as an adversary to a party." *Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2009 WL 10632838, at *1 (E.D. Mich. Sept. 16, 2009).

**INTRODUCTION**

Seeking Leave to File Amici Curiae Brief, the ACLU is attempting to inject arguments unrelated to the material facts and legal issues before the Court in this case. While styling itself as amicus curiae, friends of the court, the ACLU is unabashedly seeking to act as a friend to Ms. Woodruff in this case and should not be permitted to participate as a "third-party legal interloper." United States v. State of Mich., 940 F.2d 143, 164 (6th Cir. 1991). To be certain, the ACLU's Brief is titled "**in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment**." ECF No.: 34, Pg. ID 941 (**emphasis added**). "The role of an amicus is [] to aid the Court in resolving doubtful issues of law rather than [] a partisan view of the facts." Dow Chem. Co. v. United States, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002). This Court has denied leave to file an amicus brief where, as here, the petitioner "wants to participate … not as a 'friend to the court' but as an adversary" to a party [Commodities Exp. Co. v. City of Detroit, 2009 WL 10632838, at *1 (E.D. Mich. Sept. 16, 2009)], and this Circuit has cautioned against allowing amicus curiae to litigate substantive issues in an adversarial capacity. "Only a named party or a [] real party in interest is entitled to litigate on the merits. The orthodox view of amicus curiae was, and is, that of an impartial friend of the court— **not an adversary party in interest in the litigation**." State of Mich., 940 F.2d at 165–66

4

**(emphasis in original)**. Impartially advising the Court is not what is being sought by the ACLU.

An amicus brief should be denied where "the parties are quite capable [] of fully explicating the legal and factual issues that this Court is called upon to decide." <u>Dow Chemical Co.</u>, at *1. Plaintiff is represented by experienced counsel and there ACLU proffers no unique information or perspective that is determinative of any relevant issue. Thus, the ACLU's brief should be stricken. <u>Sciotto v. Marple Newtown Sch. Dist.</u>, 70 F. Supp. 2d 553, 556 (E.D. Pa. 1999).

## Discussion

The ACLU suggests that this lawsuit as one revolving around facial recognition technology. However, facial recognition is irrelevant to the issues the Court faces on the parties cross-Motions for Summary Judgment. <u>ECF Nos.: 23 and 25</u>.

Plaintiff, PORCHA WOODRUFF ("Ms. Woodruff") and Defendant, LASHAUNTIA OLIVER ("Officer Oliver") are the lone parties. <u>See, ECF No.: 23-3, Pg. ID 354 (dismissing City of Detroit)</u>. The remaining claims are False Arrest/Imprisonment and Malicious Prosecution under State and Federal Law, with an appurtenant State Law claim of Intentional Infliction of Emotional Distress ("IIED"). <u>Id.</u>; See also, <u>ECF No.: 29, Pg. ID 851 (abandoning ELCRA claim)</u>. As such, apart from ancillary issues relating to Plaintiff's IIED claim and the 'malice' component of Plaintiff's

5

State Law Malicious Prosecution claim, this Honorable Court is called upon to address perhaps one, but no more than two issues:

i. Was the identification of the female suspect on Feb. 3rd, 2023, sufficiently reliable to establish probable cause for Plaintiff's Arrest; and

ii. *If no*, did Officer Oliver fairly represent the material facts in her Warrant Request, such that she is entitled to qualified immunity premised upon the Warrant's approval by the Wayne County Prosecutor's Office and Magistrate Judge?

The ACLU's proposed brief is not helpful in addressing either. Amici may not create, extend, or enlarge issues before the court. *State of Mich.*, 940 F.2d at 165.

To its credit, the ACLU acknowledges that the CITY OF DETROIT ("the CITY") [no longer a party in this case], "has adopted serious reforms intended to reduce the chance of future wrongful arrests as part of its recent settlement of Robert Williams's wrongful arrest suit…" ECF No.: 34, Pg. ID 950. If fact, **the ACLU** now boasts that the Detroit Police Department ("DPD") "achiev[ed] **the nation's strongest** police department **policies constraining law enforcement's use of face recognition technology**."[1] However, with the CITY'S dismissal, the adequacy of DPD's policies governing the use of facial recognition and alleged deficiencies in the technology itself, are no longer relevant to this suit. So, it appears that the ACLU, having already advanced its agenda through cooperative efforts with the CITY in the Robert

---

[1] https://www.aclu.org/cases/williams-v-city-of-detroit-face-recognition-false-arrest#:~:text=On%20June%2028%2C%202024%2C%20the,use%20of%20face%20recognition%20technology.

6

Williams (and *Michael Oliver*) case(s),[2] now seeks to undermine the finality of that compromise and inject a red herring into the remaining, straightforward, issues.

### ARGUMENTS RAISED

Turning to the arguments raised in the ACLU's proposed Brief, and without waiving the opportunity to respond in full, the absence of any discussion relevant to the issues facing this Court can be easily fleshed out.

1. **"Facial Recognition Technology is Inherently Unreliable and Cannot be Relied on as a Positive Identification of a Suspect." ECF No.: 34, Pg. 952**.

Whether this is true is irrelevant to what is before the Court. The ACLU does not assert, nor factually support, **any** claim that **in this case** Officer Oliver, the prosecution, or the judiciary, placed **any** value on Ms. Woodruff's identification as a lead by the Crime Intelligence Unit ("CIU"), through use of facial recognition, in assessing whether probable cause for her arrest existed. To insinuate otherwise is pure speculation and conjecture. Moreover, Officer Oliver had **zero** role in the use of facial recognition technology or Ms. Woodruff's identification as a lead, aside from providing the CIU with the "probe" image obtained from surveillance video.

2. **"A Witness Identification based solely on a [Facial Recognition Technology] Search is Inherently Suggestive." ECF No.: 34. Pg. ID 963**.[3]

---

[2] *Williams v. Detroit*, No.: 21-10827 (E.D. Mich.); *Oliver v. Bussa*, No.: 20-12711 (E.D. Mich.). Contrary claims made in the ACLU's Motion, the proposed brief filed by the ACLU in *Oliver v. Bussa*, was never accepted by the Court.

[3] This assertion is also raised as part of the ACLU's third proposed argument.

Inherently problematic in this argument, as it relates to this case, is that there has **never** been any allegation or argument, that the line-up during which Mr. Walker, identified Ms. Woodruff as the female accomplice to Officer Oliver and Deputy Donald Greenwald ("Dep. Greenwald"), **in the presence of stand-in attorney Wyatt Harris**, was inherently or unduly suggestive. See generally, ECF Nos.: 4, 25, and 29. See also, ECF No.: 23-8, Pg. ID 373. In other words, long after the close of discovery and longer after the deadline to amend to the pleadings, the ACLU is seeking to raise allegations on Plaintiff's behalf which were never previously stated.

Furthermore, the ACLU's discussion relating to this second argument is based **entirely** on speculation and conjecture. In this portion of its brief, the **only** mention of the exhibits, facts, testimony, or allegations **in this case**, is a reference to the image of Ms. Woodruff included in the line-up being seven to eight years old. ECF No.: 34, Pg. ID 966. However, as this Court is aware, Dep. Greenwald, rather than Officer Oliver, prepared the photo line-up relating to Ms. Woodruff. ECF No.: 23-1, Pg. ID 332. Aside from this, the ACLU does not identify any act **by Officer Oliver** that made the identification **of Ms. Woodruff** inherently suggestive.

3. **"Case Law Establishes than an Eyewitness Identification Can Provide Probable Cause Only if it is Reliable, and the Suggestive Photo Lineup Here Lacked Reliability." ECF No.: 34, Pg. ID 967**.

As previously noted, the ACLU ignores: that it was **never** alleged that the photo line-up wherein Ms. Woodruff was identified was impermissibly suggestive (ECF

8

Nos.: 4, 25, and 29); that Officer Oliver did not prepare the photo line-up that included an image of Ms. Woodruff (ECF No.: 23-1, Pg. ID 332); and the presence of a stand-in attorney during the line-up identification. ECF No.: 23-8, Pg. ID 373. Furthermore, the ACLU's discussion addressing the reliability of Mr. Walker's identification is largely duplicative of arguments Plaintiff already raised in her Motion and in Response to Defendant's Motion for Summary Judgment, giving Plaintiff "another bite at the apple" to address this issue. ECF Nos.: 25 and 29. Several additional factors compound the prejudice that would be created by considering the ACLU's proposed brief.

**A.** Plaintiff did not identify an expert witness on matters of facial recognition technology or line-up procedures and the purported police expert Plaintiff did retain, did not address issues relating to facial recognition or alleged deficiencies during the line-up.[4] The ACLU's brief would allow Plaintiff to "back-door" expert testimony.

**B.** The ACLU's arguments routinely misdirect and mislead the Court from the relevant issues. For instance, the ACLU notes that "[a] photo-array procedure is unduly suggestive [] when it has 'steered the witness to one suspect or another, independent of the witness's honest recollection.'" ECF No.: 34, Pg. ID 969; citing *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001). However, there is **zero**

---

[4] If the Court recognizes Plaintiff's purported expert, Timothy Dixon, as a "police procedure expert," the fact that his report does not identify deficiencies in the line-up procedure seemingly undercuts the claims now made by the ACLU.

9

**evidence** that the victim's recollection was "steered" to Ms. Woodruff "independent of [his] honest recollection." Insinuating otherwise is beyond misleading.

Similarly, the ACLU quotes *State v. Archambault*,[5] for the proposition that "[i]nstead of being designed to produce accurate results, [the FRT algorithm] is designed to produce possibilities" and "[a]t best, any one of th[e] results is potentially a false positive. At worst, all results are undeniably false positives." ECF No.: 34, Pg. ID 954, 956. Again however, the present matter has little to do with facial recognition technology. It centers on witness identification and, as noted in *Archambault* but omitted by the ACLU, an "independent tip provided to law enforcement [identifying] Mr. Archambault as the suspect [] is enough for this matter to survive a challenge for probable cause." ECF No.: 34-1, Pg. ID 975 at ¶ 5.

Likewise, the ACLU notes that "(i)n assessing the reliability of an eyewitness identification, the details matter," citing *Smith v. Davis*,[6] an opinion "carefully considering the facts." ECF No.: 34, Pg. ID 969. What facts led that Court to find the eyewitness identification unduly suggestive? To begin, the witness was only shown a single photograph, of a single suspect, and what's more:

> [T]his was a suggestive single photo display **coupled with** an unbridled attempt to disparage a suspect and to persuade the victim to identify him. Johnson did not merely "suggest" that Smith was the perpetrator— he explicitly advised Tolliver that Smith brutalized her with a hammer,

---

[5] No. 62-CR-20-5866, slip op. at 14 (Minn. 2d Dist. Ct. Sept. 13, 2024).

[6] 2024 WL 3596872, at *5–9 (6th Cir. July 31, 2024).

10

pitted Tolliver against Smith, and exaggerated every piece of preliminary evidence he had uncovered purporting to tie Smith to the crime. *Smith v. Davis*, at *6 [**emphasis added**].

To suggest that *Smith* bears **any** factual similarities to the present case is horribly misleading. To make matters worse, following the portion of *Smith*, referenced by the ACLU, the opinion considers the framework used to determine the reliability of a witness identification set forth in *Biggers v. Tennessee*.[7] An analysis absent from the ACLU's proposed brief. But see, ECF No.: 30-1, Pg. ID 902-05.

**C.** Third, where the ACLU expands on arguments also made by Plaintiff, it does so again, based on assumption. For example, asking the Court to simply accept that the image of Ms. Woodruff included in the line-up (by Dep. Greenwald):

> So closely resembles the suspect that a person familiar with the [female suspect] might find it difficult to distinguish he suspect from the fillers [and that the photo-lineup] was unduly suggestive because it consisted of a photo of [Plaintiff] looking highly similar to the suspect, surrounded by five manually selected filler photos that necessarily looked less similar to the suspect. ECF No.: 34, Pg. ID 970-71.

Sayeth who? Attorney's statements and arguments are not evidence. See, *United States v. Ashworth*, 836 F.2d 260, 262 (6th Cir. 1988).

### SUMMARY & CONCLUSION

The ACLU does not, nor could it support, a claim that under a "reasonableness" standard, Officer Oliver should have known of the alleged dangers in proceeding

---

[7] 390 U.S. 404, 407 (1968).

from a facial recognition lead directly to an identification. So, if the claims made in support of the ACLU's Motion are accepted, this not only suggests, **but demands**, that Officer Oliver be granted qualified immunity.

> This case raises important issues surrounding police reliance on flawed facial recognition technology in investigations. **This case will likely yield <u>the first judicial opinion in the nation</u> on a developed record addressing some of the questions raised here relating to FRT and how it can taint police investigations**… <u>ECF No.: 32, Pg. ID 936</u>.

Qualified immunity applies if "a reasonable officer could have believed" that their actions were lawful "in light of clearly established law and the information the [officer] possessed." <u>Anderson v. Creighton</u>, 483 US 635, 641 (1987). "To be clearly established… [t]he rule must be [] **dictated by controlling authority or a robust consensus of cases of persuasive authority**. <u>D.C. v. Wesby</u>, 583 U.S. 48, 63 (2018) [**emphasis added**] (citations and quotation omitted). The ACLU cannot in one-hand argue that this case could yield "**the first judicial opinion**" addressing alleged deficiencies relating to facial recognition technology, while in the other-hand argue that the alleged deficiencies are clearly established.

So, what is the ACLU **actually** seeking? As discussed, a finding that probable cause was lacking, does not necessarily mean that this case will proceed to a jury.[8] It seems then that the ACLU is actually seeking to codify the newly minted DPD

---

[8] "Qualified immunity" appears only three times in the ACLU's proposed brief, all occurring in the introduction section. ECF No.: 34, Pg. IDs 950-51.

12

policies governing facial recognition technology into law. To that end, Defendant does not suggest that concerns related to the reliability of facial recognition technology are not important, nor that they shouldn't be addressed by the Courts should the appropriate situation arise. Defendant simply states that the present matter, and more directly, the specific facts and issues this Honorable Court is called upon to address on the parties' cross-Motions for Summary Judgment are not such a situation. The ACLU is not a friend of the court in this situation but is seeking to piggyback its own self-interests into this unrelated matter as an adversary to Officer Oliver, as well as the CITY and DPD. It would be wildly inappropriate and fundamentally unfair to permit the ACLU to file its proposed brief. If, however, the court permits the ACLU to file its adversarial, unauthorized, and irrelevant brief under the guise of an amicus brief, fairness dictates that Defendant be permitted a full response.

**WHEREFORE**, Defendant, LASHAUNTIA OLIVER, respectfully requests that this Honorable Court deny the ACLU's Motion for Leave to File Amici Curiae Brief, strike the proposed Brief filed without leave of the Court, and further grant any other relief deemed just and appropriate.

Respectfully Submitted,<br>
CITY OF DETROIT LAW DEPARTMENT

Dated: December 9, 2024            /s/ <u>Gregory B. Paddison</u>
                                   Gregory B. Paddison (P75963)
                                   Attorney for Defendant