IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORCHA WOODRUFF,
   an individual,
      Plaintiff,

Case No. 5:23-cv-11886
Hon. Judith E. Levy

V

~~CITY OF DETROIT~~
~~a municipal corporation,~~

LaSHAUNTIA OLIVER,

City of Detroit Police Detective, Individually, and in her Official Capacities, and

      Defendant.

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff will also rely on Plaintiff's Response to Defendant's Motion for Summary Judgment filed on November 26, 2024. (ECF No. 29).

Defendant Oliver submitted a facial recognition request for an image of a female subject. Seventy-three (73) potential matches were generated from the photo submitted. (ECF No. 11, PageID.179 detailed analysis). Analyst Howell was then able to parse the potential matches down to a preliminary Investigative Lead for Porcha Woodruff. The photo from 2019 of Porcha Woodruff. (ECF No. 25-1, PageID. 797). For policy reasons, the photo that was generated from the match

1

could not be used, so a 2015 photo of Plaintiff was used. (ECF No. 4-1, PageID. 107).

Defendant Oliver first argues that a facially valid arrest warrant is a defense to a 42 U.S.C. § 1983 claim. Defendant Oliver attempts to rely on a magistrate and others approving the arrest warrant. Plaintiff will rely on *Malley* to address this argument which is also the case that Defendant Oliver cited in her response. *Malley* stated that,

> **The analogous question in this case is whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant**. If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest. **It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should.** We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment. *Malley v Briggs,* 475 U.S. 335, 345 (1986).

Defendant Oliver's application for the warrant was not reasonable, and she failed to exercise professional judgment. She failed to conduct any investigation and was aware that an investigative lead photo should not be used as probable cause "**nor is it a positive identification for a suspect.**" (ECF No. 25-1, Page ID. 795). No reasonable officer would have believed that probable cause existed after an alleged victim identified a suspect under the circumstances surrounding this case.

Furthermore, Defendant Oliver provided the Line-Up Instructions to the Victim assuring the Victim of a further investigation. (ECF No. 25-1, PageID. 801). However, Defendant Oliver testified at her deposition that the only investigation that was conducted, was Plaintiff's criminal record being obtained. (ECF No. 23-25, PageID. 496 Lines 15-22).

Therefore, Defendant Oliver's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest where she failed to conduct any investigation, and an unlawful arrest of Plaintiff is exactly what occurred.

Next, Defendant Oliver argued that the cases cited by Plaintiff in her motion are cases that dealt with warrantless arrest, and in this present matter, Plaintiff was arrested pursuant to a warrant. Defendant Oliver furthered argued that in the cases cited - officers ignored exculpatory evidence which would have negated probable cause, and Defendant Oliver was not aware of any exculpatory evidence in this present matter.

Exculpatory Evidence is **any** information or material that is favorable to the accused that would absolve the accused of guilt or mitigate their culpability. *Brady v Maryland,* 373 U.S. 83, 87 (1963).

Defendant Oliver claims that she was not aware of any exculpatory evidence. However, prior to requesting an arrest warrant, Defendant Oliver

3

obtained Plaintiff's criminal record.  The criminal record stated that Plaintiff had a tattoo on her upper right arm (ECF 29-1, PageID. 880). Defendant Oliver admitted at her deposition that the female subject did not have a tattoo, but Defendant Oliver was aware that Plaintiff had a tattoo on her upper right arm (ECF No. 23-25, PageID. 508 Lines 12-23) (ECF No. 23-25, PageID. 510 Lines 5-14).

Defendant Oliver listened to Mr. White's interrogation from a remote location. Mr. White stated that he knew the female subject Trinidad, he was Facebook friends with her, and he had her cellphone number. (ECF No. 23-25, PageID. 577-578 Lines 24-13). So, Defendant Oliver was aware of exculpatory evidence prior to requesting a warrant.

Defendant Oliver stated that *Kuehl* merely stands for the proposition that an officer is not free to simply disregard plainly exculpatory evidence, particularly in the context of a warrantless arrest. **However, Defendant Oliver disregarded the exculpatory evidence prior to seeking an arrest warrant being issued.**

Defendant Oliver's position is bizarre as she is attempting to argue that she didn't have to conduct any investigation since she obtained an arrest warrant. Former Detroit Chief of Police, James White, even commented on Defendant Oliver's actions. (See Exhibit 1, CNN Report) (See Exhibit 2, Press Conf.).

Defendant next argues that Plaintiff must demonstrate that Defendant Oliver made omissions. Plaintiff claimed that one of the omissions made by Defendant

4

Oliver is that the image of the photo used in the line-up mug shot was eight years old. Defendant Oliver argued that she was not aware of the age of the photo since Detective Greenwald prepared the line-up of Plaintiff's image. As the officer-in-charge, Detective Oliver should know the facts of her case (See Exhibit 3, Plaintiff's Expert Tim Dixon's Dep. Pages 143, Lines 12-15).

Furthermore, Defendant Oliver omitted other important material facts that should have been in the request for an arrest warrant.

- Failed to state that no other investigation was conducted other than obtaining plaintiff's criminal history;
- Seventy-three potential matches were initially generated;
- The photo of Porcha Woodruff that was generated from facial recognition of a 2019 photo is not current;
- The photo that was generated cannot be used because of policy reasons so a different photo of Plaintiff was used from 2015;
- Omitted the Plaintiff had a tattoo on her right arm and the female subject did not.

Next, Defendant Oliver argues that identification was reliable. Defendant Oliver cited *Bigger* to support her argument. *Bigger* dealt with an individual that committed a crime. Defendant Oliver has failed to demonstrate that the female subject in this matter committed any crime. Furthermore, *Bigger* didn't address facial recognition issues, so *Bigger* is not relevant to this present matter.

Defendant Oliver continued to investigate Plaintiff after February 16, 2023 when Defendant Oliver realized there was no probable cause. (See Exhibit 4, Michigan Civil Jury Instruction) (ECF No. 23-25, PageID. 522 Lines 5-10) (ECF

5

No. 23-25, PageID. 527-528 Lines 23-3). Prosecution, even without incarceration can form a Fourth Amendment loss of liberty. *Albright v. Oliver*, 510 U.S. 266, 279 (1994).

Also, Defendant Oliver stated that she informed the magistrate about Plaintiff's pregnancy. However, Plaintiff testified that it was Plaintiff's court appointed attorney who contacted the magistrate, and informed the magistrate of her pregnancy to get a personal bond with no tether (See Exhibit 5, Plaintiff's Dep. Page 77-78 Lines 10-16).

Next, Defendant Oliver again withheld exculpatory evidence where she failed to submit a photo taken of Plaintiff showing that she was eight months pregnant a day after Plaintiff's release (ECF No. 25-1, PageID. 826). This photo was never submitted to the prosecutor's office, and a supplemental report has not been written vindicating Plaintiff which demonstrates Defendant Oliver's level of incompetence.

Defendant Oliver further argues that the information contained in the Intelligence Work-Up was not available until after February 6, 2023, this argument also fails as the information was available prior to the request for warrant.

Plaintiff's constitutional right was violated when Defendant Oliver caused Plaintiff to be arrested and prosecuted without probable cause. It is clearly established that an arrest without probable cause violates the Fourth Amendment.

6

(*Donovan v. Thames,* 105 F.3d 291, 298 (6th Cir. 1997) (quoting Beck v. Ohio, 379 U.S. 89, 90-91, 85 S.Ct. 223, 225-26, 13 L.Ed.2d 142 (1964)). Individuals have a clearly established Fourth Amendment right to be free from malicious prosecution by a defendant who has "made, influenced, or participated in the decision to prosecute the plaintiff" by, for example, "knowingly or recklessly" making false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants. (*Webb v. United States,* 789 F.3d 647, 659-660 (6th Cir. 2015) (See Exhibit 6, Plaintiff's Expert Dixon's Report).

Therefore, Defendant Oliver is not entitled to qualified immunity because she violated Plaintiff's constitutional rights, and the violations were clearly established at the time of the violations.

## CONCLUSION

For the above stated reasons, Plaintiff ask that this Honorable Court grant her Motion For Partial Summary Judgment.

Dated: December 11, 2024 /s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Plaintiff's Reply To Defendant's Response Brief to Plaintiff's Motion for Partial Summary Judgment with the Court Clerk via CM/ECF on December 11, 2024, to serve all parties.

Dated: December 11, 2024                    Respectfully Submitted,

                                                  /s/Ivan L. Land
                                                  Ivan L. Land (P65879)