IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORCHA WOODRUFF,

   *Plaintiff*,

v.

LASHAUNTIA OLIVER,

   *Defendant*.

                                            /

Hon. Judith E. Levy
Case No. 5:23-cv-11886

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF AMERICAN CIVIL LIBERTIES UNION AND AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN**

Defendant opposes the motion for leave to file an amicus brief on three primary grounds, each of which is incorrect.

First, Defendant advances a long-rejected theory that amicus briefs should be permitted only if they are disinterested and not "adversarial." ECF No. 35, PageID.1001. But the idea that an amicus curiae must be an impartial entity whose sole function is to advise rather than to advocate a particular viewpoint "became outdated long ago." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). *See also* Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 Yale L.J. 694 (1963). Rather, "[t]he traditional function of an amicus curiae is to assist in cases of general public interest

by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (citation omitted). That is what proposed amici do here.

Second, Defendant argues that amici's brief is "not helpful in addressing" any issue before the court. ECF No. 35, PageID.1003. But as Defendant concedes, a central issue in this litigation is whether "the identification of the female suspect on Feb. 3rd, 2023, [was] sufficiently reliable to establish probable cause for Plaintiff's Arrest." *Id.* Amici's brief is heavily focused on that issue, explaining in considerable depth why the witness's purported identification of Ms. Woodruff lacked reliability and thus could not furnish probable cause for the arrest.[1] *See* ECF No. 34, PageID.963–972. Defendant also misses the mark in protesting, ECF No. 35, PageID.1003, the relevance of amici's discussion of facial recognition technology's lack of reliability. Contrary to Defendant's suggestion, *id.*, amici make no argument regarding the now-dismissed municipal liability claim. Rather, amici seek to explain why facial recognition search results are unreliable, and why false matches generated by the technology can taint subsequent identifications, as happened in this case.

---

[1] Defendant incorrectly claims that amici present argument regarding application of qualified immunity. ECF No. 35, PageID.1009. To the contrary, amici's brief takes no position on qualified immunity, and solely addresses the predicate question of whether there was probable cause for Plaintiff's arrest.

Third, Defendant argues that the amici brief is inappropriate because it seeks to "extend[] or enlarge issues before the court." ECF No. 35, PageID.1003. The proposed brief does not seek to introduce any new legal issues into this case. Rather, it provides supplemental arguments and background on a central issue already advanced by the parties: whether there was probable cause for Plaintiff's arrest. *See* Compl. ¶ 1, ECF No. 4, PageID.61 ("[F]acial recognition alone cannot serve as probable cause for arrests . . . ."); *id.* ¶ 4, PageID.62 (alleging that false arrest was due to a "photo lineup shown to the victim of the robbery and carjacking, following an unreliable facial recognition match"); Def's Br., ECF No. 23-1, PageID.339 ("[T]he analysis must focus on: i) the reliability of Mr. Walkers' identification of Plaintiff . . . ."). As Defendant would apparently have it, "amici's role would be limited to parroting the briefs of the parties. But if that were true, amici would essentially serve no purpose whatsoever." *Shoemaker*, 795 F.3d at 562.

The rest of Defendant's opposition, ECF No. 35, PageID.1004–1008, consists of disagreement with the arguments advanced in amici's brief. Of course, it is well within Defendants' right to disagree with amici. But a party's disagreement with the arguments advanced is not a sound reason to reject a properly submitted brief. It is firmly within this Court's discretion to give amici's brief whatever weight it deems proper. That is a question to address *after* granting leave to file, and while deciding the merits of Defendant's pending motion for summary judgment.

Defendant's subsidiary arguments are likewise unavailing.

As an initial matter, the Sixth Circuit case on which Defendant relies to claim that amicus briefs must be rejected unless they are impartial, *see* ECF No. 35, PageID.1001 (citing *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)), is inapposite. The issue before that court was the propriety of what courts sometimes call a "litigating amicus," that is, an amicus that seeks to actively participate in the ongoing litigation much as the real party in interest would. *Michigan*, 940 F.2d at 163–66. In that case, the district court had permitted a "litigating amicus curiae" to exercise "full litigating rights of a named party to the action including, but not limited to, the right to file pleadings, conduct discovery, introduce evidence at proceedings, issue and enforce subpoenas, present and enforce the attendance of witnesses, initiate and pursue proceedings in contempt," and more. *Id.* at 163–64. The Sixth Circuit held that such status could only be conferred pursuant to a motion for intervention, not a motion for leave to participate as amicus curiae. *Id.* at 164.

The ACLU and ACLU of Michigan are not seeking that extraordinary level of involvement here, and ask only that the Court accept their amicus brief as it considers the Defendant's pending motion for summary judgment. That decision is within "the sound discretion of the court[], depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* at 165. *See also* ECF No. 32, PageID.937–938

4

(explaining usefulness of proffered amicus brief). Impartiality of an amicus curiae is not a factor bearing on the decision. To the contrary, courts routinely grant leave to file amicus briefs that would "augment[]" the arguments made by a party. *Shoemaker*, 785 F.3d at 562.

In fact, even a cursory review of amicus briefs filed in this Court and at the Sixth Circuit and U.S. Supreme Court would reveal a long list of organizations that have pecuniary, policy, and other interests in the outcome of the underlying litigation. Those interests do not disqualify their participation as amici curiae. Notably, Federal Rule of Appellate Procedure 29, which governs filing of amicus briefs in the courts of appeals, actually requires motions for leave to file an amicus brief to state the "movant's interest" in the case. Fed. R. App. P. 29(a)(3)(A).[2] That requirement is, as then-Judge Alito observed, "difficult to square" with a requirement of impartiality. *Neonatology Assocs.*, 293 F.3d at 131. It is difficult to envision a case in which an entity can both have an interest in the issues and be disinterested in its outcome. That is why amicus briefs in support of one party vastly outnumber amicus briefs in support of neither party. *See, e.g.*, Docket, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (No. 16-402) (listing filing of 19 amicus briefs

---

[2] There is no rule governing motions for leave to file an amicus brief in the district court, but district courts often look to Rule 29 for guidance. *E.g.*, *In re Dow Corning Corp.*, 255 B.R. 445, 464–65 (E.D. Mich. 2000) (citing Rule 29, and permitting organization to file amicus brief "because it does have an interest in the [matter]").

5

in support of a party, and one amicus brief in support of neither party). *See also* S. Ct. R. 37(3) (requiring amicus briefs to "identify the party supported").

Defendant also challenges the motion to file an amicus brief on the ground that the Plaintiff is well represented. ECF No. 35, PageID.1002. But "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs.*, 293 F.3d at 132. In a case such as this one, where the Court's decision will have a significant impact on the constitutional rights of populations not represented by the parties and on police practices, it is entirely appropriate for amicus to bring those implications to the Court's attention for its consideration as they are matters that are of general public interest. That is particularly so when, as here, amici are at the forefront, nationally, of litigation and advocacy relating to a novel issue (and technology) at issue before a court.

The cases cited by Defendant are not to the contrary. In those cases, courts denied leave to file amicus briefs when proposed amici sought merely to "collaterally attack the results or reasoning of a case decided adversely to the proposed amicus" and their brief raised no issues of aid to the court, *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *2 (E.D. Mich. May 24, 2002), or where their motion failed to "satisf[y] the Court that [the brief] will provide any information that the Court will find 'useful' or 'timely' in this particular case," *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa.

6

1999). Amicus briefs are often filed and accepted in cases where the parties are represented by competent counsel, and are still of aid to the court.

Nor is it appropriate, as Defendant argues, *see* ECF No. 35, PageID.1003–1004, to deny leave to file the amicus brief merely because amici litigated and settled another case involving overlapping issues. Indeed, that is one source of the amici's interest in this case that provides a basis for *granting* their motion. Courts have granted leave to file amicus briefs precisely because "overlap" with a case in which the proposed amici are a party provides them with a sufficient interest and relevant expertise to justify their amicus participation. *E.g.*, *Flagg v. City of Detroit*, 252 F.R.D. 346, 360 n.28 (E.D. Mich. 2008). Here, far from seeking to "undermine" the prior suit, ECF No. 35, PageID.1004, amici seek to provide additional context regarding the use of facial recognition technology and photo lineups as relevant to this case, and to "draw[] the court's attention to law that might otherwise escape consideration." *Shoemaker*, 795 F.3d at 562 (citation omitted).

Because amici's brief "offers a unique perspective and analysis" that will "assist[] in resolving the issues before [the Court]," leave to file should be granted. *Flagg*, 252 F.R.D. at 360 n.28.

Dated: December 12, 2024

Respectfully submitted,

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler
American Civil Liberties Union
 Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties
 Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Michael J. Steinberg (P43085)
Civil Rights Litigation Initiative
 University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu

*Attorneys for Proposed Amici Curiae*