### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

PORCHA WOODRUFF,                                    Hon. Judith E. Levy
    Plaintiff,                   Case No.: 5:23-cv-11886

- vs -

~~CITY OF DETROIT and~~ LASHAUNTIA OLIVER,
    Defendants.

_____/

| | |
|---|---|
| LAW OFFICES OF IVAN L. LAND, P.C., | CITY OF DETROIT LAW DEPARTMENT |
| Ivan L. Land Sr. (P65879) | Gregory B. Paddison (P75963) |
| Attorney for Plaintiff | Attorney for Defendants |
| 25900 Greenfield, Rd., Ste. 210 | Coleman A. Young Municipal Center |
| Oak Park, MI 48237 | 2 Woodward Avenue, Suite 500 |
| (248) 968-4545 | Detroit, MI 48226 |
| Ill4law@aol.com | (313) 237-0435 |
| | paddisong@detroitmi.gov |

_____/

### DEFENDANT'S MOTION TO ADJOURN/TERMINATE SCHEDULING ORDER DEADLINES AND EVENTS

**NOW COMES** Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and prays that this Honorable Court enter an Order Adjourning /Terminating the currently governing Scheduling Order (ECF No.: 22), based upon the following grounds:

1

## LOCAL RULE CERTIFICATION

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and Defendant's request for concurrence was denied. <u>Local Rule 7.1(a)</u>. I, Gregory B. Paddison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller that 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. <u>Local Rule 7.1(d)(3)</u>.

## ISSUES PRESENTED

**1)** **DOES GOOD CAUSE EXIST AND ARE THE INTERESTS OF EFFICIENCY AND JUDICIAL ECONOMY BEST SERVED BY ADJOURNING CERTAIN PREVIOUSLY SET DEADLINES?**

Defendant Responds:          Yes.
Plaintiff Responds:          No.

## TABLE OF AUTHORITIES

<u>FEDERAL STATUTORY AUTHORITY</u>
1.  42 USC § 1983

<u>FEDERAL RULES OF CIVIL PROCEDURE</u>
1.  Fed. R. Civ. Proc. 16(b)(4)
2.  Fed. R. Civ. Proc. 56

<u>UNITED STATES SUPREME COURT AUTHORITY</u>
1.  *Johnson v. Jones,* 515 US 304 (1995)

<u>OTHER</u>
1.  Institute for the Advancement of the American Legal System, Civil Case Processing in the Federal District Courts (2009)

2

## Defendant's Motion to Adjourn Deadlines and Trial Dates

1. This is a Civil Rights Lawsuit brought pursuant to 42 USC § 1983, arising out of the arrest of Plaintiff occurring on or about, February 16, 2023. See generally, CF No.: 4.

2. Plaintiff's Complaint was originally filed on August 03, 2023. ECF No.: 1.

3. This Honorable Court's Scheduling Order was initially entered on September 28, 2023 (ECF No.: 12), before being adjourned by stipulation on February 27, 2024 (ECF No.: 17), and adjourned a separate time on August 29, 2024. ECF No.: 22.

4. Pursuant to the currently governing Scheduling Order (ECF No.: 22), the following relevant deadlines are in place:

   | | |
   |---|---|
   | Damages Expert(s) Discovery Deadline: | March 3, 2025 |
   | Motions in Limine: | April 1, 2025 |
   | Joint Final Pretrial Order: | April 29, 2025 |
   | Final Pretrial Conference: | May 6, 2025 at 10:30 a.m. |
   | Proposed Joint Jury Instructions: | May 13, 2025 |
   | Verdict Form: | May 13, 2025 |
   | Jury Trial: | May 20, 2025 at 8:30 a.m. |

5. Between November 05 and December 11, 2024, the parties filed cross-motions for Summary Judgment (ECF Nos.: 23 and 25), Responses to said Motions (ECF Nos.: 29 and 30), and Reply Briefs. ECF Nos.: 31 and 37.

6.  On November 21, 2024, this Honorable Court scheduled the parties' cross-Motions for Summary Judgment for in-person Oral Argument, to occur on April 10, 2025, at 2:00 p.m. ECF No.: 28.[1]

7.  Depending on the outcome of the parties' cross-motions for Summary Judgment this matter will either be resolved in its entirety, or an automatic right of appeal will arise premised upon Defendant's qualified immunity defense. The denial of qualified immunity in a § 1983 case is a final, immediately appealable decision under the collateral order doctrine. *Johnson v. Jones,* 515 US 304, 317 (1995) [quotation marks omitted].

8.  It follows then that when the currently governing Scheduling Order is considered against the date set for oral argument on the parties' cross-motions for Summary Judgment the following non-exhaustive list of procedural irregularities and inefficiencies are observed:

    a.  The deadline for the parties to take Depositions of "Damages Experts;" *i.e.*, medical experts, occurs more than a month prior to the April 10, 2025, Dispositive Motion hearing date, meaning that the parties may incur substantial unnecessary costs (in the case of Defendant, at taxpayer expense).

---

[1] Also, on December 5, 2024, the American Civil Liberties Union ("ACLU") filed a Motion for Leave to file an Amicus Brief and the Brief itself (ECF Nos.: 32 and 34). Defendant responded to the ACLU's Motion for Leave to file an Amicus Brief on December 9, 2024 (ECF No.: 35) and the ACLU filed its Reply to Defendant's Response on December 12, 2024. ECF No.: 38.

b.  The deadline for Motions in Limine is set to occur more than a week prior to the Dispositive Motion hearing date, the results of which may resolve many, if not all, of the issues that could be raised in Motions in Limine.

c.  The parties' Joint Final Pre-Trial Order is due on April 29, 2025, only nineteen (19) days after the Dispositive Motions are to be heard.  As with Motions in Limine, and any appeals (by either party) that may follow the Court's ruling notwithstanding, the Court's decision is certain to drastically influence the contents of the Joint Final Pre-Trial Order.

d.  Further, and although Defendant does not purport to know the timeframe in which this Honorable Court will issue its rulings on the pending Dispositive Motions, the *average* time between a hearing in open Court on a Motion brought pursuant to Fed. R. Civ. Proc. 56 and the issuance of a ruling, is approximately one-hundred forty-seven (147) days. Institute for the Advancement of the American Legal System, Civil Case Processing in the Federal District Courts (2009); Pgs. 7, 54. Under the current Scheduling Order, Trial is set to begin on May 20, 2025, being only forty (40) days after the April 10, 2025, hearing date.

9.  Pursuant to Fed. R. Civ. Proc. 16(b)(4), this Honorable Court has discretion to grant an adjournment to promote the cause of justice and judicial economy.

10. The best interests of justice and judicial economy is served by cancelling the deadlines and events referenced in Paragraph 4, above "until after a ruling on the pending dispositive motion[s]." See *e.g.*, Case No.: 5:23-cv-10096-JEL-APP (*Ward v. Brotzke, et al*) Text Only Notice dated January 10, 2025.

11. Neither Plaintiff, nor Defendant, will be prejudiced should this Honorable Court the parties joint request for an adjournment.

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO ADJOURN/TERMINATE SCHEDULING ORDER DEADLINES AND EVENTS

NOW COMES Defendant, LASHAUNTIA OLIVER by and through her attorney, Gregory B. Paddison, and for Defendant's Brief in Support of her Motion to Adjourn/Terminate Scheduling Order Deadlines and Events, relies upon Fed. R. Civ. Proc. 16(b)(4) and the statements of fact and law as set forth in the preceding Motion.

WHEREFORE, Defendant, LASHAUNTIA OLIVER, respectfully requests this Honorable Court to terminate the following deadlines and events, until after a ruling on the pending dispositive motions.

| | |
|---|---|
| Damages Expert(s) Discovery Deadline: | March 3, 2025 |
| Motions in Limine: | April 1, 2025 |
| Joint Final Pretrial Order: | April 29, 2025 |
| Final Pretrial Conference: | May 6, 2025 at 10:30 a.m. |
| Proposed Joint Jury Instructions: | May 13, 2025 |
| Verdict Form: | May 13, 2025 |
| Jury Trial: | May 20, 2025 at 8:30 a.m. |

Respectfully Submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: January 27, 2025          /s/   Gregory B. Paddison
Gregory B. Paddison (P75963)
Attorney for Defendant