UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHEASTERN DIVISION

PORCHA WOODRUFF,   Hon. Judith E. Levy
    Plaintiff,   Case No.: 5:23-cv-11886

- vs -

LASHAUNTIA OLIVER,
    Defendant.
_____/

**DEFENDANT'S RESPONSE TO AMERICAN CIVIL LIBERTIES UNION & AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN'S MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and for Defendant's Response to the American Civil Liberties Union and American Civil Liberties Union of Michigan's (collectively, "ACLU") Motion for Leave to Participate in Oral Argument (ECF No.: 52), Defendant states as follows:

**LOCAL RULE 7.1 & RELEVANT PROCEDURAL CONSIDERATIONS**

Regarding the ACLU'S request for concurrence from undersigned counsel for the ACLU to participate in oral argument, some context must be provided. On February 13, 2025, counsel for the ACLU sent undersigned its LR 7.1 request, stating as follows:

> I'm writing because the ACLU intends to file a motion **seeking leave to participate at oral argument on April 10 regarding the City's motion to dismiss in the *Woodruff* matter, in order to address any**

1

> **questions the Court may have regarding the arguments made in our brief**.

> Pursuant to the local rules, we are seeking your consent to our motion. We request that you please advise, no later than end of the day Tuesday, Feb. 18, if you consent to the motion. <u>See, Email communications dated Feb. 13, 18, and 21, 2025, attached collectively as Exhibit "A"</u> (**emphasis added**).

Given that the ACLU's request for participation at oral argument was limited to "address[ing] any questions the Court may have regarding the arguments made in our brief," coupled with the assurances previously made by this Honorable Court when it allowed the ACLU to file its brief,[1] undersigned counsel did not initially oppose the ACLU's request, and asked that the ACLU send a Proposed Stipulated Order. However, in lieu of providing a Proposed Order, on Feb. 21, 2025, counsel for the ACLU, sent a copy of its Motion for Leave to Participate to which undersigned counsel quickly responded, outlining his concerns regarding the previously concealed intentions of the ACLU, stating in pertinent part:

> This Motion is far more expansive than what you had proposed in your prior email, which stated, "the ACLU intends to file a motion seeking leave to participate at oral argument on April 10 regarding the City's motion to dismiss in the *Woodruff* matter, **in order to address any**

---

[1] Second, Defendant argues that the ACLU Amici seek participation as a "third-party legal interloper" and "as an adversary," not a friend of the Court. **The Court reassures Defendant that the ACLU Amici's role in this litigation will be limited, and that this Order does not grant the ACLU Amici the "full litigating status of a named party or a real party in interest**." <u>ECF No.: 43, Pg. ID 1702</u> (**emphasis added**) [citations omitted].

2

**questions the Court may have regarding the arguments made in our brief**."

To clear, it is neither my duty, nor prerogative, to argue over the greater policy concerns applicable to the use of Facial Recognition technology. To that end, while bright line rules relating to the existence of probable cause (or any law enforcement action for that matter) are almost universally disfavored, that is not my fight. So to the extent that the ACLU is seeking to "address any questions the Court may have regarding the arguments made in [the ACLU's] brief," relating to the use of Facial Recognition Technology in the 'broader sense' I have no objections. However, it would be fundamentally unjust and highly prejudicial to my client, if you are intending to effectively "tag in" and act as a surrogate for Ms. Woodruff's existing counsel, under the guise of pursuing a noble cause. Given the language in the Motion you've provided, I certainly don't feel as though this concern is unfounded.

After responding to the above communication and affording very little opportunity to continue to pursue an amicable resolution, the ACLU filed its Motion for Leave to Participate (ECF No.: 52).

## DISCUSSION

As summarized in Defendant's email communications with the ACLU (above), whatever the ACLU's objectives regarding the use of Facial Recognition Technology ("FRT") by law enforcement agencies may be - in the broader sense, it is not the concern of the Defendant in this case, or her counsel.[2] As discussed *ad*

---

[2] Although undersigned counsel does hold reservations about the obvious predilections of the ACLU, which unapologetically emanate from their partisan framing of the FRT discussion, and how it may influence this Court's approach to the sweeping legal declarations the ACLU apparently seeks.

*nauseum* in the prior briefings, as thoroughly researched as the ACLU's argument in opposition to FRT may be (biases aside), there has been **nothing** proffered to suggest that an ordinary or "reasonable" police officer, should have been on notice of the alleged shortcomings of FRT or how it may lead to suspect misidentification; *i.e.*, that the alleged shortcomings of FRT are "clearly established."

In sum, and while imploring this Honorable Court to consider the ACLU's argument with great caution, to the extent that the ACLU requests to be permitted to respond to questions from the Court regarding FRT generally, Defendant does not oppose the ACLU's participation at oral argument, so long as Defense Counsel is afforded an opportunity to respond.

However, the ACLU's Motion does not seek such a limited role, but instead asks for an open-ended invitation to join undersigned counsel, and counsel for Ms. Woodruff, for the "main course" at oral argument. The *Monell* claim in this matter has been dismissed (ECF No.: 24), and in the conceded absence of clearly established precedent relating to FRT that ACLU has raised (so as to overcome Officer Oliver's claim of qualified immunity), the remaining issues are straightforward:

i. Was the identification of the female suspect on Feb. 3rd, 2023, sufficiently reliable to establish probable cause for Plaintiff's Arrest;[3] and

---

[3] Which encompasses Plaintiff's misguided assertion under *Ahlers*, that Officer Oliver ignored exculpatory evidence. See discussion at ECF No.: 30-1, Pg. ID 895-902.

4

ii. *If no*, did Officer Oliver fairly represent the material facts in her Warrant Request, such that she is entitled to qualified immunity premised upon the Warrant's approval by the Wayne County Prosecutor's Office and Magistrate Judge?

This case has been litigated for over a year-and-a-half. Discovery, which had been extended on multiple occasions, has been closed for over eight (8) months. Dispositive Motions have been filed and fully briefed. It would be fundamentally unfair and highly prejudicial to Defendant, to force them into a two-versus-one "handicap match" at this late stage.

## CONCLUSION

Defendant acknowledges that the ruling on this motion rests in the sound discretion of this Honorable Court and as such, Defendant can only rely on such discretion **and** the prior representations of **this** Honorable Court, to reach a fair and just determination. See, ECF No.: 43, Pg. ID 1699-1700 [**emphasis added**]. See also, fn1 (quoting, ECF No.: 43, Pg. ID 1702).

> "**[A]micus has been consistently precluded from . . . participating and assuming control of the controversy in a totally adversarial fashion**." *Id*. (internal citations omitted). "**Amicus . . . has never been recognized, elevated to, or accorded the full litigating status of a named party or a real party in interest**" or of an intervening party under Federal Rule of Civil Procedure 24. *Id*.; see *Id*. at 166 ["**Only a named party or an intervening real party in interest is entitled to litigate on the merits**..." (internal citations omitted)].[4]

---

[4] Citing, *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991).

## **BRIEF**

**NOW COMES**, Defendant, LASHAUNTIA OLIVER, by and through her attorney, Gregory B. Paddison, and for her Brief in Support of Defendant's Response to the ACLU's Motion for Leave to Participate in Oral Argument (ECF No.: 52), hereby relies on the statements of fact and law, and the documents and exhibits referenced in the accompanying Response, and the sound discretion of this Honorable Court.

**WHEREFORE**, Defendant, LASHAUNTIA OLIVER, respectfully requests this Honorable Court **DENY** the ACLU's Motion for Leave to Participate in Oral Argument; or in the alternative, **GRANT** the ACLU's Motion for Leave to Participate in Oral Argument with Participation tailored to addressing questions this Honorable Court may have regarding the use of Facial Recognition Technology by Law Enforcement Agencies.

|  |  |
|---|---|
|  | Respectfully Submitted, <br> CITY OF DETROIT LAW DEPARTMENT |
| Dated: January 27, 2025 | /s/   Gregory B. Paddison <br> Gregory B. Paddison (P75963) <br> Attorney for Defendant |