UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Porcha Woodruff,

                Plaintiff,      Case No. 23-11886

v.                                  Judith E. Levy
                                  United States District Judge

LaShauntia Oliver,

                                  Mag. Judge Anthony P. Patti

                Defendant.

_____/

**ORDER GRANTING AMERICAN CIVIL LIBERTIES UNION AND AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN'S MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT [52]**

Before the Court is a motion for leave to participate in oral argument by the American Civil Liberties Union and the American Civil Liberties Union of Michigan ("ACLU Amici"). (ECF No. 52.) The ACLU Amici request permission to participate at oral argument, which is currently scheduled for April 16, 2025 at 1:00 p.m. (ECF No. 55.) Plaintiff consents to the ACLU Amici's participation at oral argument. (ECF No. 52, PageID.1730.) Defendant filed a response to the ACLU Amici's motion. (ECF No. 56.)

An amicus curiae is traditionally a non-party that becomes involved in a judicial proceeding to assist a court by providing information. "[P]articipation as an amicus to brief and argue as a friend of the court" is "a privilege within the sound discretion of the courts." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). The decision to allow amicus participation "depend[s] upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* (internal citation omitted).

The Court previously granted the ACLU Amici's motion for leave to appear as amicus curiae. (ECF No. 43.) In that order, the Court found that "the information on facial recognition technology and the arguments offered by the ACLU Amici 'add something distinctive to the presentation of the issues,' 16AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3975 (5th ed. 2024), and are useful in deciding the issues currently before the Court." (*Id.* at PageID.1701.) The Court also stated that "the ACLU Amici's role in this litigation will be limited, and that this Order does not grant the ACLU Amici the 'full

litigating status of a named party or a real party in interest.'" (*Id.* at PageID.1702 (quoting *State of Michigan*, 940 F.2d at 165).) .

The Court carefully reviewed the ACLU Amici's motion for leave to participate in oral argument and Defendant's response.[1] The ACLU Amici's participation in oral argument would be useful in deciding the

---

[1] In her response, Defendant states,

> to the extent that the ACLU requests to be permitted to respond to questions from the Court regarding [Facial Recognition Technology] generally, Defendant does not oppose the ACLU's participation at oral argument, so long as Defense Counsel is afforded an opportunity to respond. However, the ACLU's Motion does not seek such a limited role, but instead asks for an open-ended invitation to join undersigned counsel, and counsel for [Plaintiff], for the 'main course' at oral argument."

(ECF No. 56, PageID.1740.) Defendant requests that the Court deny the ACLU Amici's motion, or, in the alternative, grant the motion "for Leave to Participate in Oral Argument with Participation tailored to addressing questions this Honorable Court may have regarding the use of Facial Recognition Technology by Law Enforcement Agencies." (*Id.* at PageID.1742.) Defendant appears to argue that the ACLU Amici should not "argue, suggest, or imply, that any of the issues addressed in [Amici's] Brief bear any relevance or should be considered by the Court in determining the outcome of the parties' Dispositive Motions in this case." (ECF No. 56-1, PageID.1744–1745.)

Defendant will have an opportunity to respond to the ACLU Amici's statements at oral argument. Additionally, the Court already found that "the information on facial recognition technology and the arguments offered by the ACLU Amici . . . are useful in deciding the issues currently before the Court." (ECF No. 43, PageID.1701.) As such, the ACLU Amici are permitted to discuss such information and arguments at oral argument.

issues currently before the Court. Accordingly, the Court GRANTS the ACLU Amici's motion for leave to participate in oral argument.

IT IS SO ORDERED.

Dated: March 13, 2025       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                                 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2025.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager